UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEQUELLA S. CHAPMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC. and JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO.5:18-cv-00637<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes TEQUELLA S. CHAPMAN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CONVERGENT OUTSOURCING, INC. ("Convergent"), and JEFFERSON CAPITAL SYSTEMS, LLC ("Jefferson") (collectively, "Defendants") as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendants' unlawful conduct.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a 33 year old natural "person," as defined by 47 U.S.C. §153(39), residing in San Antonio, Texas, which lies within the Western District of Texas.

5. Convergent is a debt collector holding itself out as "one of America's leading collections agencies" that "operate[s] as a third party debt collector for [its] clients."[1] Defendant is a corporation organized under the laws of the state of Washington with its principal place of business located at 800 SW 39th Street, Renton, Washington.

6. Jefferson is "an established Debt Buyer and Debt Collector."[2] Jefferson is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 16 McLeland Road, St. Cloud, Minnesota.

7. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendants' attempts to collect upon an outstanding Verizon wireless debt ("subject debt") said to be owed by Plaintiff.

10. The subject debt is associated with a Verizon account numbered 973104095-00001.

---

[1] https://www.convergentusa.com/outsourcing/page/who-is-convergent-outsourcing
[2] https://www.myjcap.com/question/list

11. On information and belief, in approximately 2016, Verizon sold or otherwise turned the subject debt over to Pinnacle Credit Services, LLC ("Pinnacle") for collection.

12. When the subject debt was held by Pinnacle, Pinnacle used various debt collectors in order to collect upon the subject debt.

13. One such debt collector was Resurgent Capital Services, L.P. ("Resurgent").

14. On or about January 26, 2018, Plaintiff made payment on the subject debt to Resurgent which fully satisfied Plaintiff's obligation on the subject debt.

15. Nevertheless, after satisfying any remaining obligation on the subject debt, Defendants began attempting to collect upon the subject debt.

16. On or about May 7, 2018, Plaintiff received a collection letter from Convergent attempting to collect upon the subject debt, for which Plaintiff no longer had any obligation.

17. This collection letter identified Jefferson as the current creditor of the subject debt.

18. Confused and frustrated with Defendants' attempts to collect upon a debt which Plaintiff no longer owed, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692d**

23. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

24. Defendants violated § 1692d when they attempted to extract payment from Plaintiff on a debt she did not owe. As demonstrated above, Plaintiff had no underlying obligation on the subject debt when Defendants engaged in their collection efforts against Plaintiff. Attempting to collect on a debt when Plaintiff has no underlying obligation is conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff.

   b. **Violations of FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendants violated § 1692e, e(2), and e(10) when they attempted to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, when she had no remaining obligation. It was similarly

deceptive for Defendant to attempt to collect upon a debt for which Plaintiff had no underlying obligation, illustrating Defendant's violation of § 1692e, e(2) and e(10).

### c. Violations of FDCPA § 1692f

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law."

29. Defendants violated §§1692f and f(1) when they unfairly and unconscionably attempted to collect on a debt by representing to Plaintiff that she owed the subject debt, when in reality she did not. It is undoubtedly unfair and unconscionable for sophisticated debt collectors like Defendants to attempt to extract payment from Plaintiff even though Plaintiff had no obligation on the debt upon which Defendants sought collection.

30. Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, TEQUELLA S. CHAPMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendants are "debt collector[s]" and/or "third party debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

36. Defendants violated the above referenced provisions of the TDCA when they attempted to collect upon a debt which Plaintiff does not owe. Through the collection letter(s) sent to Plaintiff, Defendants repeatedly misrepresented the character, extent, and amount of Plaintiff's purported obligation on the subject debt. Such conduct similarly constitutes the utilization of false representations and deceptive means in order to collect upon the subject debt.

WHEREFORE, Plaintiff, TEQUELLA S. CHAPMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

    c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

    d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 26, 2018

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com